UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Dongguan Tesmai Electronic Technology Co., Ltd.,

        Plaintiff,

vs.

The Individuals, Partnerships and Unincorporated
Associations Identified on Schedule "A,"

        Defendants.

_____/

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

    Plaintiff Dongguan Tesmai Electronic Technology Co., Ltd. ("Plaintiff") hereby brings the present action against the individuals, Partnerships and Unincorporated Associations identified on Schedule "A" (collectively, "Defendants"). Defendants have willfully infringed one or more claims of U.S. Patent No. D891,522 ("the '522 Patent") by making, using, offering for sale, selling, distributing and/or importing into the United States for subsequent sale and use of unauthorized and unlicensed products, namely the Toy Aircraft bearing counterfeit versions of the ornamental design of Plaintiff's Patents ("Infringing Products"). In support of its claims, Plaintiff alleges as follows:

    **I.    NATURE OF ACTION**

    1.    This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

    2.    Plaintiff has filed this action to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by making, using, offering for sale, selling and/or importing into

the United States for subsequent sale or use unauthorized and unlicensed Infringing Products that infringe '522 Patent. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's Patents for the Toy Aircraft. Defendants create e-commerce stores operating under one or more seller storefronts that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers.

## II.      JURISDICTION AND VENUE

1.  This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.  Defendants are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through at least the Internet based e-commerce stores and fully interactive commercial Internet website accessible in Florida and operating under their Seller Storefronts.

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Florida, through at least the fully interactive e-commerce stores operating under the Defendants' seller storefronts identified on **Schedule A**. Specifically, Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Storefronts, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Plaintiff's federally registered patent to residents of Florida. Each of the Defendants is committing

tortious acts in Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida.

### III.   THE PARTIES

**PLAINTIFF JOHN ANTHONY FISHER**

4.   Plaintiff is a company organized under the laws of China, with its principal place of business located in Dongguan, China.

5.   Plaintiff is the inventor and lawful owner of all right, title, and interest in and to the '522 Patent.

6.   Plaintiff's products are distributed and sold to consumers throughout the United States, including consumers in Florida.

7.   Plaintiff uses the distinctive patented Toy Aircraft in connection with Plaintiff's products.

**THE DEFENDANTS**

8.   Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under the Seller Storefronts identified on Schedule A and/or other Seller Storefronts not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the foreign jurisdictions with lax intellectual property enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

9.   On information and belief, Defendants either individually or jointly, operate one or more e-commerce stores. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking their network. If Defendants provide additional credible information

regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

### IV.    DEFENDANTS' UNLAWFUL CONDUCT

10.    In recent years, Plaintiff has identified numerous fully interactive, e-commerce stores, including those operating under the seller storefronts identified on Schedule A, which were offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States. E-commerce sales, including through e-commerce stores like those of Defendants, have resulted in a sharp increase in the shipment of unauthorized products into the United States.

11.    Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Storefronts, offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Florida.

12.    Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by e-commerce stores operating under the seller storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the seller storefronts appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay. E-commerce stores operating under the seller storefronts often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use the Plaintiff's Patent, and none of the Defendants are authorized retailers of genuine Plaintiff's Products.

13.    On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Storefronts by providing false, misleading and/or incomplete information to

e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained seller storefronts to prevent discovery of their true identities and the scope of their e-commerce operation.

14. On information and belief, Defendants regularly register or acquire new seller storefronts for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

15. Even though Defendants operate under multiple fictitious Storefronts, the e-commerce stores operating under the Seller Storefronts often share unique identifiers, such as templates with common elements that intentionally omit any contact information or other information for identifying Defendants or other seller storefronts they operate or use. E-commerce stores operating under the Seller Storefronts include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Infringing Products for sale by the seller storefronts bear similar irregularities and indicia of being unauthorized to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that Defendants are interrelated.

16. Infringers such as Defendants typically operate under multiple Seller Storefronts and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore bank accounts outside the jurisdiction of this

Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

17. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Infringing Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Plaintiff's Patents. Each e-commerce store operating under the seller storefronts offers shipping to the United States, including Florida, and, on information and belief, each Defendant has sold Infringing Products into the United States and Florida over the Internet.

18. Defendants' infringement of the Plaintiff's Patents in the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products was willful.

19. Defendants' infringement of the Plaintiff's Patents in connection with the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the Infringing Products, including the making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of Infringing Products into Florida, is irreparably harming Plaintiff.

///

///

## COUNT I
## INFRINGEMENT OF UNITED STATES PATENT NO. D891,522
### (35 U.S.C. § 271)

20. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21. Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design for an organizer, namely the Toy Aircraft, claimed in the Plaintiff's Patent.

22. Defendants have infringed the '522 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. The issue of "willful" infringement measures the infringing behavior, in the circumstances in which the infringer acted, against an objective standard of reasonable commercial behavior in the same circumstances. *Medtronic Xomed, Inc. v. Gyrus Ent LLC,* 440 F. Supp. 2d 1300, 1314 (M.D. Fla. 2006). The extent to which seller storefronts disregarded the property rights of Plaintiff, the deliberateness of Seller Storefronts' tortious acts and other manifestations of unethical and injurious commercial conduct provide the grounds for a finding of willful infringement and the enhancement of damages. *See Id.*

23. Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff. Therefore, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

24. Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defendants have notice of or knew of Plaintiff's

patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the '522 patent.

25. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by Patent Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, Defendants' profits pursuant to 35 U.S.C. § 289, and any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the Patent claimed in the Plaintiff's Patents;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Plaintiff's Patent; and

   c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon (collectively, the "Third Party Provider") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Patent claimed in the Plaintiff's Patents;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the Plaintiff's Patents, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the Plaintiff's Patents be increased by three times the amount thereof, as provided by 35 U.S.C.§ 284.

5) In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the Plaintiff's Patents, pursuant to 35 U.S.C. § 289;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Dated this 1st day of November 2022.   Respectfully submitted,

_____
Andrew J. Palmer
Jared W. Gasman Attorney, P.A.
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33308
Phone: 954-771-7050
ajpalmer@gasmanlaw.com
dkang@gasmanlaw.com